UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>                Plaintiff,<br>    v.<br><br>KARIE RAINER,<br><br>                Defendants. | Case No. C19-5743 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 13, 2019 |

This matter comes before the Court on plaintiff's motion for temporary restraining order and preliminary injunction. Dkt. 11. Plaintiff seeks an order from the Court directing defendants to transfer plaintiff from Washington State Penitentiary to the Monroe Correctional Complex Special Offender Unit where he was previously housed. Dkt. 11 at 1-2, Dkt. 11-2 at 1. Plaintiff further asks the Court to direct defendants to provide him "adequate mental health treatment at MCC/SOU-Special Offender Unit at Monroe Correctional Complex." Dkt. 11 at 1. The plaintiff's motion should be denied.

**FACTS**

Plaintiff filed this *pro se* civil rights action alleging that during his time at Monroe Correctional Complex and at Washington State Penitentiary he was denied adequate medical care, was subjected to cruel and unusual punishment and was denied access to the courts, in retaliation for filing a previous Section 1983 action against prison officials. Dkt. 10. Plaintiff's

REPORT AND RECOMMENDATION - 1

amended complaint alleges that a majority of the purported violations occurred while he was housed at Monroe Correctional Complex in the Special Offender Unit. Dkt. 10.

In his motion, plaintiff indicates that he has been "illegally" transferred from Monroe Correctional Complex SOU – Special Offender Unit to Washington State Penitentiary. Dkt. 11-2. Plaintiff indicates that he has been transferred as a form of retaliation for bringing civil rights lawsuits against prison officials. *Id*. In his declaration in support of the motion, plaintiff alleges that he is not receiving adequate mental health treatment at Washington State Penitentiary and that he will only receive adequate treatment if transferred back to Monroe Correctional Complex. Dkt. 11-1. Plaintiff further asserts that Washington State Penitentiary does not have the proper programs and facilities to treat mentally ill prisoners. Dkt. 11-1.

## DISCUSSION

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33, 13 L.Ed. 25, 9 How. 10 [1850]); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

To obtain a preliminary injunction[1], a party must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an injunction is in the public interest. *Id*. at 20. The moving party must make a showing on all four factors in order to obtain a preliminary

---

[1] Temporary restraining orders are governed by the same standard as preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 829 n. 7 (9th Cir. 2001).

REPORT AND RECOMMENDATION - 2

injunction. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (citing to *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Alternatively, in the Ninth Circuit, "a plaintiff may also obtain a preliminary injunction by showing 'serious questions go[] to the merits' of its claims and a balance of hardships that tips "sharply" towards the plaintiff, so long as it makes a showing on the other two factors." *A Woman's Friend*, 901 F.3d at 1167 (quoting *Alliance*, 632 F.3d at 1135). However, a plaintiff may not obtain an injunction merely because an irreparable injury is possible, the plaintiff must show that the irreparable injury is likely in the absence of preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Plaintiff has not established serious questions on the merits, or that the balance of hardships tip toward his position; nor has he shown that he will suffer irreparable injury in the absence of preliminary relief. *A Woman's Friend*, 901 F.3d at 1167 (quoting *Alliance*, 632 F.3d at 1135). Plaintiff's motion alleges that he has been denied mental health treatment for serious medical needs and will be denied mental health treatment in the future, absent preliminary relief. Dkt. 11-2. However, plaintiff does not describe any instances of being denied medical treatment by Washington State Penitentiary. On the contrary, plaintiff's amended complaint alleges that he was continuously denied medical treatment at Monroe Correctional Complex[2], not Washington State Penitentiary. Dkt. 10.

Plaintiff does not provide a basis for the assertion that he will be denied medical treatment at Washington State Penitentiary. Dkt. 11, 11-1, 11-2. Instead plaintiff states only that he believes that Washington State Penitentiary does not have the proper facilities to provide him

---

[2] Plaintiff was previously housed at Monroe Correctional Complex, before being transferred to Washington State Penitentiary, and now seeks to be transferred back to Monroe Correctional Complex. Dkt. 11.

REPORT AND RECOMMENDATION - 3

adequate treatment and his health will deteriorate if not transferred. Dkt. 11, 11-1, 11-2. The irreparable harm alleged by plaintiff is speculative and not supported by the current record, therefore, plaintiff has not made a clear showing that irreparable injury is likely in the absence of preliminary relief.

Further, even if plaintiff was entitled to preliminary relief, a preliminary injunction ordering plaintiff's transfer to another facility entirely would likely not satisfy the requirements of the Prison Litigation Reform Act. 18 U.S.C. § 3626(a)(1)(A); *see Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) (any grant of prospective relief with respect to prison conditions must be narrowly drawn to extend no further than necessary, and be the least intrusive means necessary for correction.) Any preliminary relief would have to be narrowly tailored to ensure adequate medical care is provided without unnecessarily obstructing prison official's control over the classification and movement of prisoners.

## **IN FORMA PAUPERIS STATUS ON APPEAL**

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

While the Court was not persuaded on the merits of plaintiff's motion, there is no evidence that his appeal is frivolous or is taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should continue in the event that plaintiff appeals.

**CONCLUSION**

Based on the foregoing, the Court recommends that plaintiff's motion for preliminary injunction and temporary restraining order (Dkt. 11) should be **DENIED**.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **December 13, 2019**, as noted in the caption.

Dated this 15th day of November, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5