UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

            Plaintiff,

   v.

KARIE RAINER, et al.,

            Defendants.

CASE NO. C19-5743 BHS-TLF

ORDER REJECTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 67, and Defendants' objections to the R&R, Dkt. 70. Judge Fricke recommends the Court grant Plaintiff Michael Denton's motion for preliminary injunction, Dkt. 59, or in the alternative advance the trial on the merits and consolidate it with an evidentiary hearing on Denton's motion. Dkt. 67. After reviewing the motion for preliminary injunction, the R&R, and all relating filings, the Court finds the briefing in this case insufficient to rule on Denton's motion for the reasons explained below.

ORDER - 1

## I. BACKGROUND

Plaintiff Michael Denton is currently detained at Stafford Creek Correctional Complex but is suing over events that took place at Monroe Correctional Complex and the Washington State Penitentiary in Walla Walla. Denton brought suit, pro se, against nineteen individually-named defendants, alleging that each violated his constitutional rights by acting with deliberate indifference in various ways, including by failing to properly manage his mental health in part by keeping him in solitary confinement and mismanaging his medication, retaliating against him for other lawsuits he filed against Department of Corrections ("DOC") employees, and failing to acknowledge his mental health issues when disciplining him.[1] Denton retained counsel in February 2020. Dkt. 42. He then sought a preliminary injunction (1) ordering Defendants to immediately release him from solitary confinement, (2) preventing Defendants from continuously housing him in solitary confinement for more than fourteen consecutive days or without a reasonable basis consistent with due process, and (3) ordering Defendants to immediately provide him necessary mental and behavior health treatment. Dkt. 59 at 23.

On July 7, 2021, Judge Fricke recommended that the Court grant Denton's motion for preliminary injunction or, in the alternative, advance the trial on the merits and consolidate it with an evidentiary hearing on Denton's motion. Dkt. 67. On July 21, 2021, the individually-named Defendants objected, arguing that Denton is collaterally estopped

---

[1] Denton filed his original complaint in August 2019. Dkt. 1. The operative complaint, and the one discussed in this Order, is the amended complaint he filed in October 2019 which added claims and defendants. Dkt. 10.

ORDER - 2

from asserting his deliberate indifference claims based on rulings in other pending lawsuits before this Court, that there is no evidence of deliberate indifference in this case, that the Court should defer to DOC on how to protect its staff and other inmates, and that the Magistrate's recommended injunction did not comply with the specificity requirements of Federal Rule of Civil Procedure 65. Dkt. 70. Defendants also object to the Magistrate's recommendation to advance to a merits trial and combine it with an evidentiary hearing on this motion, arguing that it was never raised by Denton, that there are no disputed facts that need to be resolved at an evidentiary hearing, and that Defendants have a Seventh Amendment right to a jury trial that would be thwarted if the merits trial were advanced. *Id.* at 10–11.

## II.  DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Denton's operative complaint is the amended complaint he filed by when he was still pro se in October 2019. Dkt. 10. While the complaint lays out the foundation of Denton's claims, it also requests injunctive relief from DOC. DOC is not a named defendant, nor is it a "person" against whom injunctive relief can be sought under 42 U.S.C. § 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding suit against Alabama Board of Corrections is barred by the Eleventh Amendment); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (holding "arms of the state,"

including the Arizona Department of Corrections, are not "persons" under § 1983); *Garnica v. Wash. Dep't Corr.*, 965 F. Supp. 2d 1250, 1276–77 (W.D. Wash. 2013) (holding the Washington Department of Corrections is not a "person" for § 1983 purposes).

In contrast, Denton's motion for preliminary injunction seeks injunctive relief seemingly against all nineteen individually-named Defendants. Dkt. 59. While these Defendants may be considered "persons" for § 1983 purposes, such an injunction would not be narrowly drawn as is required under Fed. R. Civ. P. 65. Moreover, the motion seeks preliminary injunctive relief against Defendants who Denton does not seek to enjoin in the operative complaint. *See* Dkt. 10. The Court and the parties would benefit from an amended complaint that clarifies Denton's claims and the relief sought.

Finally, there are potential mootness issues not addressed by either party in this case. Denton has been moved to a new facility. His request for injunctive relief may therefore be moot as to some named defendants. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (holding injunctive relief claims against prison officials at Walla Walla were moot after the claimant was transferred to McNeil Island because there was not a reasonable expectation or demonstrated probability that he would be returned to Walla Walla).[2] Moreover, the Washington State Department of Corrections recently

---

[2] Defendants note both that "it is highly unlikely that Mr. Denton would be transferred back to [the Washington State Penitentiary] within the next 12 months" but also state that Denton could be transferred back to the Washington State Penitentiary within the next 24 months if he continues to commit "serious infractions." Dkt. 62 at 4–5.

issued a press release expressing their intent to end disciplinary segregation.[3] While these issues may not moot all of Denton's claims, the effect of both Denton's transfer and the DOC's new guidance should be addressed by the parties before the Court makes any further rulings.[4]

### III.  ORDER

The parties shall file supplemental briefing addressing the above-mentioned issues. Defendants shall file its brief by Friday, November 12, 2021. Denton may respond by Friday, November 19, 2021.

The case shall be re-referred to the Honorable Theresa L. Fricke for further consideration. The Clerk shall renote Plaintiff's motion for preliminary injunction, Dkt. 59, on the Court's November 19, 2021 calendar.

Dated this 2nd day of November, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[3] Press Release, Washington State Department of Corrections, *Washington State Department of Corrections Ends Disciplinary Segregation* (updated Oct. 1, 2021), https://www.doc.wa.gov/news/2021/09302021p.htm.

[4] DOC's press release is clear that the department "continues to utilize segregation for non-disciplinary purposes such as investigations, safety, protective custody, and classification." In his motion for preliminary injunction, Denton appears to be challenging his placement in solitary for any purpose, *see* Dkt. 59, but in his amended complaint, Denton seems primarily focused on his placement in solitary for disciplinary purposes, *see* Dkt. 10.