UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>            PLAINTIFF,<br>V.<br><br>KARIE RAINER ET AL.,<br><br>           DEFENDANTS. | Case No. C19-5743 BHS-TLF<br><br>ORDER GRANTING LEAVE TO AMEND, SETTING DEADLINE FOR FILING A SECOND AMENDED COMPLAINT, AND SCHEDULING A STATUS CONFERENCE |

      This matter comes before the Court on the Court's Order Rejecting Report and Recommendation. Dkt. 78.

      The Court explained that plaintiff's motion for preliminary injunction seeks injunctive relief against defendant's who plaintiff does not seek to enjoin in the operative complaint. Dkt. 78 at 4. Accordingly, the Court expressed that the Court and the parties would benefit from an amended complaint that clarifies plaintiff's claims and the relief sought. *Id.* Plaintiff agrees that the issues in this litigation can be clarified with an amended complaint and has requested leave to amend the operative complaint. Dkt. 88.

      Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when

ORDER GRANTING LEAVE TO AMEND, SETTING
DEADLINE FOR FILING A SECOND AMENDED
COMPLAINT, AND SCHEDULING A STATUS
CONFERENCE - 1

justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.").

The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

There is no evidence indicating that plaintiff seeks to amend the complaint in bad faith or to cause undue delay. The Court has already stated that an amended complaint clarifying the issues before the Court would be beneficial to the Court and the parties. Dkt. 78. Additionally, plaintiff prepared the operative complaint (Dkt. 10) while proceeding *pro se*; he has representation of counsel – counsel filed a motion for preliminary injunction, which has been pending until it was recently sent back for further proceedings before the Magistrate Judge; this would support granting leave to amend the complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (A pro se plaintiff's pleading is ultimately held "to a less stringent standards than formal pleadings drafted by lawyers."). Finally, it does not appear that defendants will be prejudiced by an amended complaint that clarifies the issues before the Court.

Based on the foregoing discussion, the Court grants plaintiff leave to amend the operative complaint. Plaintiff may file an amended complaint in compliance with the Court's Order (Dkt. 78) on or before **December 14, 2021**. If plaintiff files an amended

ORDER GRANTING LEAVE TO AMEND, SETTING DEADLINE FOR FILING A SECOND AMENDED COMPLAINT, AND SCHEDULING A STATUS CONFERENCE - 2

complaint, then all of the other motions currently pending before the court (Dkt. 59, plaintiff's motion for preliminary injunction; Dkt. 76, defendants' motion to exclude expert testimony; and Dkt. 89, defendants' motion for summary judgment) will be denied without prejudice, as premature, for the reasons stated by the Court on the record during the hearing on November 30, 2021.

Assuming that plaintiff files another amended complaint, the parties are directed to meet and confer before January 4, 2022 to come to agreement (if possible) about the scope of discovery, the timing of fact discovery, the timing of expert witness discovery, and whether a stipulated protective order will be requested. The Court has scheduled a status conference for January 4, 2022 at 10:00 AM to consider the appropriate scope and timing of discovery, and to issue another pretrial schedule.

The Clerk is directed to send a copy of this Order to the parties in this litigation.

Dated this 3rd day of December, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING LEAVE TO AMEND, SETTING DEADLINE FOR FILING A SECOND AMENDED COMPLAINT, AND SCHEDULING A STATUS CONFERENCE - 3