UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

          Plaintiff,

  v.

KARIE RAINER, et al.,

          Defendants.

CASE NO. C19-5743 BHS-TLF

ORDER

This matter comes before the Court on Magistrate Judge Theresa L. Fricke's Order Granting Leave to Amend, Dkt. 97, and Defendants' Objections to the Order, Dkt. 100.

## I.   BACKGROUND

The Court has previously described the factual background of this case, most recently in its Order Rejecting Report and Recommendation ("R&R"). Dkt. 78. The Court will not repeat that factual history here and instead will address only the procedural background relevant to the instant matter.

Plaintiff Michael Denton, then acting pro se, sued in August 2019, alleging seven claims against thirteen individual defendants[1] and seeking damages and injunctive relief. Dkt. 1-1. Denton filed an Amended Complaint in October 2019, adding six defendants[2] and three claims. Dkt. 10. All of Denton's claims were constitutional claims regarding various conditions of his confinement and specific instances of mistreatment brought pursuant to 42 U.S.C. § 1983. *Id.* In his original Complaint and First Amended Complaint, Denton sought multiple permanent injunctions against the Washington Department of Corrections ("DOC") and the Washington State Penitentiary. *Id.* at 31–33. Denton's main complaint seems to be DOC's continued placement of him in solitary confinement, which he asserts worsens his existing mental health problems.

Denton retained counsel in February 2020, and he has been represented by the same counsel since that time. *See* Dkt. 42. In May 2021, Denton filed a motion for preliminary injunction, asking the Court to enjoin Defendants from housing him in solitary confinement and to order Defendants to provide him mental and behavioral health treatment. Dkt. 59.

Judge Fricke issued an R&R recommending that this Court grant Denton's motion for preliminary injunction or, in the alternative, "advance the trial on the merits and

---

[1] The defendants named in Denton's original complaint were Karie Rainer, Jack Warner, Lisa Anderson, Steven Jewitt, Eric Rosmith, Rachel Symons, Christopher D. Elliott, Lindsey McIntyire, Scott Russell, Steve Ewing, Doug French, Asin Deshev, and Steve DeMars. *See* Dkt. 1-1 at 1–2.

[2] The additional defendants named in Denton's first amended complaint were Jason McCollum, Sgt. Evans, Officer Anderson #7924, Don Holbrook, Rob Herzog, and Disciplinary Officer Pierce. *See* Dkt. 10 at 1–2.

consolidate it with an evidentiary hearing on the plaintiff's motion for preliminary injunction." Dkt. 67 at 12. The Court rejected that R&R and withheld ruling on the motion for preliminary injunction, concluding that the briefing was insufficient to rule on the motion at the time because Denton's complaint requested injunctive relief from DOC, which is not a named defendant nor a "person" for § 1983 purposes; Denton's motion for preliminary injunction sought injunctive relief against all nineteen individual defendants and was therefore not "narrowly drawn"; and some of Denton's claims may have been mooted by a recent DOC press release. Dkt. 78. The Court directed the parties to file supplemental briefing addressing those issues. *Id.* That Order also stated that "[t]he Court and the parties would benefit from an amended complaint that *clarifies* Denton's claims and the relief sought." *Id.* at 4 (emphasis added).

Both parties filed supplemental briefing, Dkts. 84, 88, and in his supplemental brief, Denton requested leave to amend his complaint, Dkt. 88 at 3. Denton did not attach a proposed amended complaint. That same day, Defendants moved for summary judgment. Dkt. 89. Judge Fricke then held a hearing during which she granted Denton's request for leave to amend his complaint. Dkts. 96, 97.

Denton promptly filed an amended complaint. Dkt. 98. Meanwhile, Defendants objected to the order permitting amendment, arguing that Denton had not provided a proposed amended complaint and that they were not provided any opportunity to object to the amended complaint. Dkt. 100. Specifically, Defendants argue that the amended complaint is prejudicial to Defendants because it adds claims, adds parties, and dismisses parties over two years into litigation. *Id.*

## II.  DISCUSSION

Magistrate judges may rule on non-dispositive motions. 28 U.S.C. § 636(b)(1)(A). Such orders are subject to reconsideration by a district court judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Defendants request that the Court review Judge Fricke's order de novo. Dkt. 100 at 6. The standard of review is clearly erroneous, and the Court therefore reviews the order for clear error.

Denton's Second Amended Complaint does far more than clarify his existing claims against the existing defendants, which is all that this Court contemplated in its order suggesting amendment, Dkt. 78. The new complaint drops seventeen defendants and adds six more.[3] Dkt. 98 at 1. It also raises for the first time a claim under the Americans with Disabilities Act and the Rehabilitation Act. *Id.* at 16–17. While the Court did acknowledge in its previous Order that the Court and the parties would benefit from an amended complaint that clarified the issues in this case, the Court did not intend to give Denton free reign to file a wholly rewritten complaint and essentially re-start this lawsuit without having to comply with the regular processes and procedures.

---

[3] The defendants named in Denton's Second Amended Complaint are Karie Rainer, Timothy Thrasher, Ronald Haynes, Steven Sundberg, Ryan Pfaff, Pat Glebe, Scott Russell, and Ashley Zuber. Dkt. 98 at 1.

ORDER - 4

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal citation omitted). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

While the Court refrains from passing judgment on whether any amendment would be proper at this juncture, Denton's Second Amended Complaint, as it stands, is wholly improper and unfairly prejudicial to Defendants. The complaint adds new claims, adds new defendants, and omits seventeen defendants despite the fact that Defendants have a summary judgment motion pending, Dkt. 89. While voluntary dismissal of defendants is often welcomed, in this case a favorable ruling on the motion for summary judgment may result in an order dismissing those defendants with prejudice, meaning Denton could not sue them again. It may also permit them to seek fees and costs of defending this litigation.

If Denton wishes to amend his complaint, he may move to amend in accordance with Federal Rule of Civil Procedure 15 and Local Civil Rule 15. As such, he must attach a red-lined copy of a proposed amended complaint to any motion to amend. *See* W.D.

1 Wash. LCR 15. Defendants must also be given an opportunity to respond and dispute
2 amendment. Any motion to amend and proposed complaint will need to be reviewed by
3 Judge Fricke to determine whether amendment is proper.

### III. ORDER

The Court having considered Judge Fricke's Order, Defendants' Objections, and the remaining record, does hereby find and order as follows:

(1) The Order Granting Leave to Amend is **OVERRULED**; and

(2) The case is re-referred to Judge Fricke for further consideration.

Dated this 14th day of March, 2022.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge