UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

              Plaintiff,

v.

KARIE RAINER et al.,

              Defendants.

Case No. 3:19-cv-5743-BHS-TLF

REPORT AND RECOMMENDATION

Noted for July 8, 2022

This matter comes before the Court on plaintiff's Motion to Amend Complaint (Dkt.118), and proposed amended complaint. Dkt.119. Defendants have opposed plaintiff's motion to amend (Dkt.120) and plaintiff has filed a reply (Dkt.123). For the reasons set forth herein, the Court should DENY plaintiff's motion to amend. Res judicata applies to claims that existed and could be the subject of a lawsuit at the time the operative complaint was filed in the first action, *Denton v. Thrasher*, 18-5017-BHS-DWC. *See, Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019). The Court should deny leave to amend because the proposed amended complaint (Dkt. 119) contains claims that would be futile. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The Court should proceed in this action with plaintiff's first amended complaint (Dkt. 10) as the operative complaint.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Plaintiff, acting pro se, filed this action in August 2019 alleging, among other claims, that the defendants had violated plaintiff's Eighth Amendment Rights by placing him in solitary confinement. Dkt.1-1; Dkt.10. Plaintiff retained counsel in February 2020. Dkt. 42. Plaintiff filed a motion for preliminary injunction, seeking to enjoining defendants from housing plaintiff in solitary confinement and to order defendants to provide plaintiff mental and behavioral health treatment. Dkt. 59. During oral argument, the parties confirmed that plaintiff has been held in administrative segregation since at least 2017. Dkt. 66.

The undersigned recommended the Court grant plaintiff's motion for preliminary injunction because plaintiff provided sufficient evidence to demonstrate a fair chance of success on the merits, that the litigation presented questions serious enough to require litigation and the likelihood of irreparable harm absent injunctive relief. Dkt. 67. The Court also recommended the Court find that the balance of equities and public interest supported granting injunctive relief. Dkt. 67. Accordingly, the Court recommended the Court grant plaintiff's motion for preliminary injunction, or in the alternative, advance the trial on the merits and consolidate it with an evidentiary hearing on plaintiff's motion for preliminary injunction. Dkt. 67.

The Court rejected the Report and Recommendation – without ruling on the merits of the motion for preliminary injunction – explaining that the briefing was insufficient to rule on the motion because the amended complaint requested injunctive relief from the Washington Department of Corrections which is not a named defendant in the amended complaint. Dkt. 78. The Court also noted that the motion for preliminary

injunction sought relief against individual defendants who plaintiff did not seek to enjoin in the operative complaint. Dkt. 78. Further, the Court stated that the motion for preliminary injunction was not narrowly drawn as required by Fed. R. Civ. P. 65 because it requested injunctive relief against all individually named defendants. Dkt. 78.

The Court observed that plaintiff's claims may be mooted by recent factual developments and directed the parties to file supplemental briefing addressing those issues. Dkt. 78. The Court also noted that "[t]he Court and the parties would benefit from an amended complaint that clarifies Denton's claims and the relief sought." Dkt. 78.

The parties filed supplemental briefing. Dkt. 84, 88. Plaintiff's supplemental brief requested leave to amend the complaint but did not attach a proposed amended complaint. Dkt. 88 at 3.

Defendants filed a motion for summary judgment. Dkt. 89. The undersigned held a hearing on the pending motion before the Court and granted plaintiff's request for leave to amend the complaint. Dkt. 96. The Court issued an order granting plaintiff leave to amend the complaint explaining that plaintiff filed the operative complaint while proceeding pro se, the Court would benefit from a complaint that clarified the issues in the litigation and that it did not appear that defendant would be prejudiced by amendment clarifying the claims before the Court. Dk. 97.

Plaintiff filed his second amended complaint. Dkt. 98. The second amended complaint removed seventeen previously named defendants and added six new defendants. Dkt. 98. The second amended complaint also added facts not previously alleged in the first amended complaint. Dkt. 98. The second amended complaint

REPORT AND RECOMMENDATION - 3

1  alleged, for the first time, claims under the Americans with Disabilities Act and the
2  Rehabilitation Act. Dkt. 98 at 16-17.

3  Defendants objected to the order permitting amendment, arguing that the
4  amended complaint is prejudicial to defendants because it adds claims, adds parties
5  and dismisses parties over two years into litigation. Dkt. 100. The Court overruled the
6  order granting leave to amend because plaintiff's second amended complaint was
7  improper and unfairly prejudicial to defendants. Dkt. 115. The Court stated that "[w]hile
8  voluntary dismissal of defendants is often welcomed, in this case a favorable ruling on
9  the motion for summary judgment may result in an order dismissing those defendants
10 with prejudice, meaning Denton could not sue them again." Dkt. 115 at 5. The Court
11 also noted that dismissal with prejudice might also permit the defendants to seek fees
12 and costs of defending the litigation. *Id.*

13 The Court also stated that if plaintiff wished to amend the complaint, he would
14 need to file a motion to amend, attach a red-lined copy of the proposed complaint and
15 defendant would need an opportunity to oppose the motion. Dkt. 115 at 5-6. The Court
16 re-referred the case to the undersigned for further consideration. Dkt. 115 at 6.

17 The Court directed the parties to meet and confer regarding the status of the
18 case. Dkt. 116. The parties filed a Joint Status Report stating the parties agreed plaintiff
19 would file any motion for leave to amend by March 24, 2022. Dkt. 116. The parties also
20 agreed that defendant would re-note the motion for summary judgment and follow the
21 briefing schedule set forth in the Local Civil Rules. Dkt. 116.

22 Plaintiff filed a motion to amend complaint (Dkt. 118) and proposed amended
23 complaint (Dkt. 119-1).

24
25

REPORT AND RECOMMENDATION - 4

1          Plaintiff's proposed second amended complaint names as defendants: the State
2  of Washington; Washington Department of Corrections; Tim Thrasher in his official and
3  individual capacity; Karie Rainer in her official and individual capacity; Kevin Bowen in
4  his official capacity; Michael Obenland in his official capacity; Sean Murphy in his official
5  capacity; and Cheryl Strange in her official capacity. Dkt. 119-1 at 4-5.[1] The State of
6  Washington, the Washington Department of Corrections, Tim Thrasher, Kevin Bowen,
7  Michael Obenland, Sean Murphy and Cheryl Strange were not named in plaintiff's first
8  amended complaint. Dkt. 10. Plaintiff's proposed second amended complaint also
9  dismisses eighteen defendants that were named in the first amended complaint. Dkt.
10 10; Dkt. 119-1 at 4-5.
11         The proposed second amended complaint raises the following causes of action:
12 1) "Eighth Amendment – Deliberate Indifference"; 2) "42 U.S.C. § 1983 – Fourteenth
13 Amendment – Violation of Due Process"; 3) "First Amendment Retaliation – individual
14 defendants Rainer and Thrasher." Dkt. 119-1 at 9-13. The proposed second amended
15 complaint requests declaratory, injunctive and monetary relief. Dkt. 119-1 at 14-15.

## DISCUSSION

17         Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for
18 amendment as of right, pleadings may be amended only with the opposing party's
19 written consent or by leave of the court. Leave to amend should be freely given when
20 justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d
21 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.")

---

[1] Plaintiff also names five Doe Defendants. Dkt. 119-1 at 5

The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). For each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

1) Futility of Amendment

"Futility of amendment alone can justify denial of a motion to amend." *Johnson*, 356 F.3d at 1077. Leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.,* 881 F.3d 1122, 1134 (9th Cir. 2018). The proposed amended complaint must plead facts sufficient to plausibly state a claim. *See, Barahona*, 881 F.3d at 1134, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

A. State of Washington and Washington Department of Corrections

Plaintiff's proposed second amended complaint adds the State of Washington and the Washington Department of Corrections as defendants. Dkt. 119-1. Plaintiff's first two causes of action raise claims under 42 U.S.C. § 1983 against the State of Washington and the Washington Department of Corrections, seeking declaratory and injunctive relief. Dkt. 119-1. Defendants argue that plaintiff's claims against these two defendants are futile. Dkt. 120 at 4.

The State of Washington and the Washington Department of Corrections are not proper defendants in this action. The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004). This immunity extends to state agencies. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Further, the State of Washington and the Department of Corrections are not proper defendants in this action because neither defendant is a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The principles set forth in *Ex Parte Young* allow for claims seeking only prospective declaratory or injunctive relief against officers in their official capacities, but does not allow for similar claims against a state or state agency. *See, Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n. 27 (9th Cir. 2002).

Based on the foregoing, the State of Washington and the Washington Department of Corrections are improper defendants to plaintiff's Section 1983 claims. Plaintiff's claims against these defendants are futile and subject to dismissal.

B. <u>Res Judicata</u>

Defendants oppose plaintiff's motion to amend the complaint arguing that plaintiff's proposed claims are barred by the doctrines of res judicata and collateral estoppel based on the Court's decision in *Denton v. Thrasher*, 18-5017-BHS-DWC. For the reasons set forth below, the Court should find that the claims in plaintiff's proposed second amended complaint that accrued on or before September 11, 2019 are now barred by the doctrine of res judicata. Any claims accruing after September 11, 2019

would not be barred under the doctrine of res judicata by the decision in *Denton v. Thrasher*, 18-5017-BHS-DWC.

Defendants previously raised the argument that plaintiff's claims were barred by the doctrine of collateral estoppel in their opposition to plaintiff's motion for preliminary injunction. Dkt. 62. The Court previously recommended the Court find that plaintiff's claims were not barred by the doctrine of collateral estoppel at the time of plaintiff's motion for preliminary injunction. Dkt. 67.

The Court explained that, at the time, plaintiff's operative complaint covered a different time period and sets of occurrences than *Denton v. Thrasher*, 18-5017-BHS-DWC. Accordingly, collateral estoppel did not apply because the issues were not identical and the issues before this court were not actually litigated and decided in the previous action. Dkt. 67. However, plaintiff's proposed second amended complaint has amended the factual allegations to cover the same time period as the complaint in *Denton v. Thrasher*, 18-5017-BHS-DWC. Additionally, the Court in *Denton v. Thrasher*, 18-5017-BHS-DWC has now entered a final order dismissing plaintiff's claims. Accordingly, the claims in plaintiff's proposed second amended complaint that accrued on or before September 11, 2019 are now barred by the doctrine of res judicata.

The doctrine of res judicata bars parties and their privities in successive litigations from pursuing claims that were -- or could have been -- raised in a prior action. *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019). Res judicata "serves to protect adversaries from the expense and vexation of attending multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Americana*

*Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). When the same claim is litigated in two courts simultaneously the first court to reach a judgment has preclusive effect and the second court should give res judicata effect to the judgment of the first. *Id.* at 1530.

To establish a res judicata defense, the party asserting the defense must demonstrate: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016).

      a)  <u>Identity of Claims</u>

In determining an identity of claims the Court considers:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same rights; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017). These criteria cannot be applied mechanically, the courts have long recognized the flexibility inherent in determining whether there is an identity of claims. *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

Although all four of the criteria are considered, the fourth factor – whether the two suits arise out of the same transactional nucleus of facts – is the most important. *Harris v. Cty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). In fact, the fourth criterion is outcome determinative. *Garity*, 828 F.3d at 855.

The Court uses a transactional test to determine whether the two suits share a common nucleus of operative facts. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Whether two events are part of the same transaction or series depends on whether the claims are related to the same sets of facts and could conveniently be tried together. *Id.* (*citing to Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

If the new claims are based on the same nucleus of operative facts as a previous action, and could have been raised in the previous action, there is an identity of claims regardless of whether the claim was actually litigated. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). Res judicata can only apply to claims that existed and could be the subject of a lawsuit at the time the operative complaint was filed in the first action. *Media Rights Techs., Inc.*, 922 F.3d at 1021. When a party has filed amended complaints, the courts look to what claims existed and could be sued upon at the time the relevant amended complaint was filed. *Howard*, 871 F.3d at 1040.

Defendants argue that plaintiff's proposed second amended complaint is barred under the doctrine of res judicata based on the decision in *Denton v. Thrasher et al.*, No. 18-5017-BHS-DWC. In the previous *Denton* case plaintiff raised claims stemming from plaintiff's placement in solitary confinement from 2007-2013 and plaintiff's continued placement in solitary confinement since 2016. *Denton v. Thrasher*, 18-5017-BHS-DWC, Dkt. 116 at ¶ 16-17. Plaintiff alleged that his presence in solitary confinement aggravated his mental health conditions causing plaintiff to self-harm and defendants placed plaintiff in the Close Observation Area of Washington State

REPORT AND RECOMMENDATION - 10

Penitentiary. *Id.* at ¶ 17. The complaint alleged that despite receiving plaintiff's psychological evaluations from medical providers (including Dr. Anthony Eusanio), defendants failed to provide plaintiff adequate mental health treatment and continued to place plaintiff in administrative segregation. *Id.* at ¶¶ 17-24, 32-34.

Plaintiff alleged that his prolonged and continued housing in administrative segregation worsened plaintiff's mental health conditions and that the defendants failed to provide adequate mental health treatment. *Denton v. Thrasher*, 18-5017-BHS-DWC, Dkt. 116 at ¶¶ 36-40. Plaintiff's second cause of action alleged that defendants committed the allegedly unlawful conduct described in the complaint as retaliation for plaintiff exercising his First Amendment Rights. *Id.* at ¶¶ 41-43. Next, plaintiff alleged that his placement in isolation and defendants' failure to provide adequate mental health treatment amounted to cruel and unusual punishment. *Id.* at ¶¶ 46-50. Plaintiff's final claim for relief alleged violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. *Id.* at ¶¶ 51-66. Plaintiff's complaint sought declaratory, injunctive and monetary relief. *Id.* at ¶¶ A-K.

In this action, plaintiff's proposed second amended complaint alleges that in 2017 plaintiff received a comprehensive examination from Dr. Anthony Eusanio explaining that plaintiff suffered from mental illness and that placement in isolation worsened these conditions. Dkt. 119-1 at ¶ 16. Plaintiff states that this report was placed in his medical file. *Id.* Plaintiff alleges that despite this report, he has been continuously held in administrative segregation since June 2017. Dkt. 119-1 at ¶ 17. The proposed second amended complaint claims that the named defendants are in charge of determining whether plaintiff is housed in administrative segregation. *Id.* at ¶ 18. Plaintiff contends

that the Washington Department of Corrections implements a levels program in administrative segregation in which inmates can move up or down levels and each level has corresponding privileges. *Id.* at ¶¶ 20-22. Plaintiff claims that despite reaching levels 3 and 4 of this program (allegedly the highest levels) plaintiff has been forced to restart the behavior program and has not been provided an opportunity to promote out of administrative segregation. *Id.* ¶¶ 23.

Plaintiff states that while in administrative segregation the defendants have not provided plaintiff adequate mental health treatment. Dkt. 119-1 at ¶ 25. Plaintiff maintains that since 2017 he has been transferred to several facilities and continues to be housed in administrative segregation. Dkt. 119-1 at ¶ 29. Plaintiff's first cause of action alleges that plaintiff's continued placement in administrative segregation amounts to cruel and unusual punishment as well as deliberate indifference to plaintiff's serious medical needs. *Id.* at ¶¶ 32-41. Plaintiff also alleges that defendants' conduct amounts to a violation of plaintiff's due process rights because plaintiff has no meaningful way to earn his way out of administrative segregation. *Id.* at ¶¶ 42-46. Plaintiff's final cause of action alleges that defendants' conduct amounts to a violation of plaintiff's First Amendment Rights. *Id.* at ¶¶ 47-50. Plaintiff requests declaratory, injunctive and monetary relief. *Id.* at ¶¶ A-H.

There is an identity of claims between plaintiff's proposed second amended complaint and *Denton v. Thrasher*, 18-5017-BHS-DWC. First, both litigations allege that the named defendants have violated plaintiff's Eight Amendment Rights by keeping plaintiff in administrative segregation and failing to provide adequate medical care. Both

REPORT AND RECOMMENDATION - 12

complaints also allege that defendants' conduct amounts to retaliation for plaintiff exercising his First Amendment Rights.

Further, both complaints arise from the same transactional nucleus of facts – plaintiff's continued housing in administrative segregation over the same time period. In the previous action, plaintiff alleged that he had been housed in administrative segregation from 2007-2013 and continuously since 2016. The alleged causes of action arose from defendants' conduct, plaintiff's placement in administrative segregation and the alleged lack of mental health treatment plaintiff received in administrative segregation. The operative complaint in the previous action was filed on September 11, 2019. *Denton v. Thrasher*, 18-5017-BHS-DWC at 116.

"Claim preclusion bars a party in successive litigations from pursuing claims that 'were raised or could have been raised in a prior action.'" *Media Rights Techs.*, 922 F.3d at 1020 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The rule in the Ninth Circuit is that claim preclusion only applies to claims that had accrued before the date the operative complaint was filed in the previous lawsuit. *Media Rights Techs.*, 922 F.3d at 1021. Any claim that accrued after the filing of the operative complaint are not barred. *Id.* In an analogous situation, the Seventh Circuit explained that even when a prisoner plaintiff has a recurring medical condition, claim preclusion does not bar subsequent lawsuits for issues arising after the operative complaint was filed in the previous case. *Heard v. Tilden*, 809 F.3d 974, 978-79 (7th Cir. 2016) (explaining that although plaintiff's previous complaint was based on plaintiff's chronic hernias, subsequent complaints were not barred by claim preclusion because every day that defendants improperly refused treatment potentially constituted a new

REPORT AND RECOMMENDATION - 13

act of deliberate indifference.). Accordingly, claims in this litigation can only have an identity of claims with the previous litigation if they accrued before September 11, 2019 – the filing date of the operative complaint in *Denton v. Thrasher*, 18-5017-BHS-DWC.[2]

      Plaintiff's proposed second amended complaint in the present action alleges he was incarcerated from 2007-2013 and has been housed in administrative segregation continuously since 2017. The causes of action arise from defendants' allegedly retaliatory conduct, defendant's policy of placing plaintiff in administrative segregation and the alleged lack of mental health treatment plaintiff received while in administrative segregation. Plaintiff's current proposed second amended complaint alleges claims based on conduct at various Department of Corrections facilities that allegedly occurred before September 11, 2019. Dkt. 119-1. Because plaintiff could have raised these claims in *Denton v. Thrasher*, 18-5017-BHS-DWC, there is an identity of claims between the two actions. To the extent that any claims occurred or accrued as a cause of action after September 11, 2019, these claims would not be claim precluded. Plaintiff's complaint does not specifically identify any claims that accrued after September 11, 2019.

      Plaintiff's proposed second amended complaint raises claims based on an alleged policy and practice of confining plaintiff in administrative segregation when he is unable to remain infraction-free. Dkt. 119-1 at ¶¶ 17-23, 39, 46. Plaintiff contends that he was housed in administrative segregation under this policy since at least June 2017.

---

[2] Defendants argue that plaintiff could have raised his claims in the prior case because final judgment was not entered until March 2022. Dkt. 120 at 6 (citing to Fed. R. Civ. P. 54(b)). Under Ninth Circuit authority, plaintiff's claims are only subject to claim preclusion if they accrued before the date of the operative complaint in the previous action, not the date final judgment was entered. *Media Rights Techs.*, 922 F.3d at 1021.

Dkt. 119-1 at ¶ 17. Plaintiff alleges that he has been continuously housed in administrative segregation since June 2017 at various Department of Corrections facilities. Dkt. 119-1 at ¶¶ 16-17. These policy claims were not raised in the previous action. Yet, the two actions arise from plaintiff's continuous placement in administrative segregation since at least 2016. Accordingly, because plaintiff's current policy claims appear to be based on a policy allegedly in place and implemented before September 11, 2019, plaintiff could have raised these claims in the previous action. To the extent that plaintiff's policy claims are based on a policy implemented and applied to plaintiff before September 11, 2019, there is an identity of claims between the current and previous claims.

Plaintiff's current proposed second amended complaint also raises another cause of action that was not raised in the previous action – alleging violation of plaintiff's Due Process Rights. Dkt. 119-1 at ¶¶ 42-46. Yet, this claim is based on the same facts surrounding the claims in the previous action. Plaintiff's due process claim is based on defendants' decision to place plaintiff in administrative segregation – since at least June 2017 – and not allowing him to transfer out of administrative segregation. Accordingly, to the extent that these due process claims accrued before September 11, 2019 they could have been raised in the previous litigation. There is still an identity of claims between this cause of action and the previous litigation. *Tahoe-Sierra Pres.*, 322 F.3d at 1077-78.

  b) Final Judgment on the Merits

When a court dismisses an action on summary judgment, the dismissal is a final judgment on the merits for res judicata purposes. *Mpoyo*, 430 F.3d at 988. Further, a

REPORT AND RECOMMENDATION - 15

1  final judgment determining that the allegations in the complaint fail to state a ground for
2  relief is a judgment on the merits for res judicata purposes. *Stewart v. United States*
3  *Bancorp*, 29 F.3d 953, 957 (9th Cir. 2002). Additionally, "a final judgment retains all of
4  its res judicata consequences pending decision of the appeal." *Tripati v. Henman*, 857
5  F.2d 1366, 1367 (9th Cir. 1988) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal*
6  *Practice and Procedure* § 4433, at 308 (1981)).

7  In *Denton v. Thrasher*, 18-5017-BHS-DWC, the Court issued a Report and
8  Recommendation recommending the Court grant defendants' motion for summary
9  judgment. *Denton v. Thrasher*, 18-5017-BHS-DWC at Dkt. 137. The Report and
10 Recommendation recommended dismissal of plaintiff's December 31, 2017 claims
11 because plaintiff failed to exhaust his administrative remedies. *Id.* The Court
12 recommended dismissal of plaintiff's remaining claims on the merits of the claims. *Id.*
13 The Court adopted in part the Report and Recommendation. *Denton v. Thrasher*, 18-
14 5017-BHS-DWC at Dkt. 142, 146. The Court rejected the Report and Recommendation
15 on the issue of exhaustion. *Id.* at Dkt. 142, 146. The Court adopted the Report and
16 Recommendation dismissing plaintiff's remaining claims because plaintiff's Eighth
17 Amendment claims failed to establish personal participation by any named defendant
18 and plaintiff's ADA and RA claims failed to establish discrimination because of plaintiff's
19 disability. *Id.* at Dkt. *142*. After supplemental briefing, the Court issued an order
20 dismissing plaintiff's remaining claims for failure to exhaust administrative remedies.
21 *Denton v. Thrasher*, 18-5017-BHS-DWC at Dkt. 187. The Court issued a final judgment
22 dismissing plaintiff's claims. *Denton v. Thrasher*, 18-5017-BHS-DWC at Dkt. 188. The
23
24
25

REPORT AND RECOMMENDATION - 16

decision has been appealed by plaintiff. *Denton v. Thrasher*, 18-5017-BHS-DWC at Dkt. 190, Notice of Appeal (No. 22-35290).

Based on the forgoing, plaintiff's previous action was terminated by a final judgment on the merits.

### c) Identity or Privity Between Parties

The third element of res judicata is met when the parties in the two actions are identical or there is privity between the parties. *Mpoyo*, 430 F.3d at 988. For the purposes of res judicata, privity is a legal conclusion "designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052-53 (9th Cir. 2005). Because a person who is not a party to a suit generally has not had a full and fair opportunity to litigate a claim, the relationships sufficiently close to justify a finding of privity are limited. *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008). The United States Supreme Court has identified six categories of relationships that can establish privity between parties for the purposes of res judicata:

> First, a person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement. […]
>
> Second, nonparty preclusion may be justified based on a variety of pre-existing "substantive legal relationships" between the person to be bound and a party to the judgment. […] Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor. […]
>
> Third, we have confirmed that, in certain limited circumstances, a nonparty may be bound by a judgment because she was adequately represented by someone with the same interest who was a party to the suit. […] Representative suits with preclusive effect on nonparties include properly conducted class actions, […] and suits brought by trustees, guardians, and other fiduciaries. […]

> Fourth, a nonparty is bound by a judgment if she assumed control over the litigation in which that judgment was rendered. […] Because such a person has had the opportunity to present proofs and argument, he has already had his day in court even though he was not a formal party to the litigation. […]
>
> Fifth, a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy. Preclusion is thus in order when a person who did not participate in a litigation later brings suit as the designated representative of a person who was a party to the prior adjudication. […] And although our decisions have not addressed the issue directly, it also seems clear that preclusion is appropriate when a nonparty later brings suit as an agent for a party who is bound by a judgment. […]
>
> Sixth, in certain circumstances a special statutory scheme may expressly foreclose successive litigation by nonlitigants if the scheme is otherwise consistent with due process.

*Taylor*, 553 U.S. at 893-895 (internal citations and quotations omitted).

There is an identity of parties between plaintiff's prior litigation and plaintiff's current proposed second amended complaint. First, plaintiff is the plaintiff in both actions. Dkt. 119-1 at ¶ 5; *Denton v. Thrasher*, 18-5017-BHS-DWC, Dkt. 116 at ¶ 5. The State of Washington, Tim Thrasher and Karie Rainer are named defendants in both complaints. Dkt. 119-1 at ¶¶ 6, 8, 9; *Denton v. Thrasher*, 18-5017-BHS-DWC, Dkt. 116 at ¶¶ 6, 7, 9. Defendants Kevin Bowen, Michael Obenland, Sean Murphy, and Cheryl Strange were named on plaintiff's proposed second amended complaint but not in plaintiff's previous action. Yet, plaintiff's proposed second amended complaint names these defendants in their official capacities only. Dkt. 119-1 at ¶¶ 10-13. When a plaintiff sues a state official in their official capacity, the action should be treated as a suit against the State and not the named official. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). Accordingly, because the State of Washington is a named defendant in the previous action and the current proposed second amended

REPORT AND RECOMMENDATION - 18

complaint names Defendants Kevin Bowen, Michael Obenland, Sean Murphy, and Cheryl Strange only in their official capacities, there is a privity of parties between these defendants and the previous action.

### d) Conclusion

The Court should find that the claims in plaintiff's second proposed amended complaint – that accrued on or before September 11, 2019 – are barred by the doctrine of res judicata. Plaintiff's proposed second amended complaint alleges claims based on conducts that allegedly commenced in 2017 as well as policies implemented and applied to plaintiff as early as 2017. The proposed second amended complaint contends that the conduct and policies are continuous and continue to harm plaintiff. It is not clear from the complaint whether the alleged continuing conduct and policy claims accrued before or after September 11, 2019. To the extent that these claims accrued after September 11, 2019, they would not be barred by res judicata because they constitute potentially new subsequent violations. *Media Rights Techs., Inc.*, 922 F.3d at 1021; *Heard*, 809 F.3d at 979. Plaintiff's proposed second amended complaint does not identify any acts, omissions or policies allegedly occurring after September 11, 2019. Plaintiff's proposed second amended complaint, as written, is barred by the doctrine of claim preclusion.

### 2) Remaining Factors

Usually, the Court considers five factors when determining whether leave to amend would be appropriate. *Johnson*, 356 F.3d at 1077. Yet, "futility alone can justify the denial of a motion to amend." *Id.* (quoting *Nunes v. Ashcroft*, 348 F.3d 815-818 (9th Cir. 2003)). Here, the Court need not consider the remaining factors to determine the

propriety of leave to amend, because plaintiff's proposed second amended complaint, would be futile and subject to dismissal as barred by the doctrine of res judicata. The Court should deny further leave to amend the complaint at this late stage of litigation because plaintiff has now made several unsuccessful attempts to properly amend the complaint. *See, Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1117 (9th Cir. 2014) ("the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

CONCLUSION

Based on the foregoing discussion, the Court should DENY plaintiff's motion to amend the complaint (Dkt. 118) because the proposed second amended complaint would be futile and subject to dismissal. The Court should proceed in this action with plaintiff's first amended complaint (Dkt. 10) as the operative complaint.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on July 8, 2022.

Dated this 22nd day of June, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 20