UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                    Plaintiff,

    v.

KARIE RAINER, et al.,

                  Defendants.

CASE NO. C19-5743 BHS-TLF

ORDER

This matter comes before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation ("R&R") Dkt. 148, and Plaintiff's Objections to the R&R, Dkt. 149.

## I.   BACKGROUND

The Court has previously described the factual background of this case, most recently in its Order Rejecting Report and Recommendation ("R&R"). Dkt. 78. The Court will not repeat that factual history here and instead will address only the relevant procedural background.

Plaintiff Michael Denton, then acting pro se, sued in August 2019, alleging seven claims against thirteen individual defendants[1] and seeking damages and injunctive relief. Dkt. 1-1. Denton filed an Amended Complaint in October 2019, adding six defendants[2] and three claims. Dkt. 10. All of Denton's claims were constitutional claims regarding various conditions of his confinement and specific instances of mistreatment brought under 42 U.S.C. § 1983. *Id.* In his original Complaint and First Amended Complaint, Denton sought multiple permanent injunctions against the Washington Department of Corrections ("DOC") and the Washington State Penitentiary. *Id.* at 31–33. Denton's main complaint is that DOC has continued to place him in solitary confinement, which he asserts worsens his existing mental health problems.

Denton retained counsel in February 2020, and he has been represented by the same counsel since that time. *See* Dkt. 42. In May 2021, Denton filed a motion for preliminary injunction, asking the Court to enjoin Defendants from housing him in solitary confinement and to order Defendants to provide him mental and behavioral health treatment. Dkt. 59.

Judge Fricke issued an R&R recommending that this Court grant Denton's motion for preliminary injunction or, in the alternative, "advance the trial on the merits and

---

[1] Denton's original complaint named Defendants Karie Rainer, Jack Warner, Lisa Anderson, Steven Jewitt, Eric Rosmith, Rachel Symons, Christopher D. Elliott, Lindsey McIntyire, Scott Russell, Steve Ewing, Doug French, Asin Deshev, and Steve DeMars. *See* Dkt. 1-1 at 1–2.

[2] The additional defendants named in Denton's first amended complaint were Jason McCollum, Sgt. Evans, Officer Anderson #7924, Don Holbrook, Rob Herzog, and Disciplinary Officer Pierce. *See* Dkt. 10 at 1–2.

consolidate it with an evidentiary hearing on the plaintiff's motion for preliminary

injunction." Dkt. 67 at 12. The Court rejected that R&R and withheld ruling on the

motion for preliminary injunction, concluding that the briefing was insufficient to rule on

the motion at the time because Denton's complaint requested injunctive relief against

DOC, which is neither a named defendant nor a "person" for § 1983 purposes; Denton's

motion for preliminary injunction sought injunctive relief against all nineteen individual

defendants and was therefore not "narrowly drawn"; and some of Denton's claims may

have been mooted by a recent DOC press release. Dkt. 78. The Court directed the parties

to file supplemental briefing addressing those issues. *Id.* It also explained that "[t]he

Court and the parties would benefit from an amended complaint that *clarifies* Denton's

claims and the relief sought." *Id.* at 4 (emphasis added).

Both parties filed supplemental briefing, Dkts. 84, 88, and in his supplemental

brief, Denton requested leave to amend his complaint, Dkt. 88 at 3. Denton did not attach

a proposed amended complaint. That same day, Defendants moved for summary

judgment. Dkt. 89. Judge Fricke then held a hearing, during which she granted Denton's

request for leave to amend his complaint. Dkts. 96, 97.

Denton promptly filed an amended complaint. Dkt. 98. Meanwhile, Defendants

objected to the order permitting amendment, arguing that Denton had not provided a

proposed amended complaint and that they were not provided any opportunity to object

to the amended complaint. Dkt. 100. Specifically, Defendants argued that the amended

complaint was prejudicial to Defendants because it adds claims, adds new parties, and

dismisses existing parties without prejudice, more than two years into litigation. *Id.*

1    This Court agreed with Defendants that Denton's amended complaint, as drafted,

2  would be prejudicial to Defendants. Dkt. 115. The Court therefore overruled Judge

3  Fricke's order granting Denton leave to amend and informed Denton that if he wished to

4  amend his complaint, he would need to move to amend in accordance with Federal Rule

5  of Civil Procedure 15 and Local Civil Rule 15. *Id.* at 5–6. The Court also made clear in

6  that Order that the Court's original statement that amendment would be useful referred to

7  the Court's desire for Denton to clarify his existing claims, not to assert new and different

8  claims against a different set of defendants. *Id.* at 4.

9    Shortly thereafter, Denton moved to amend his complaint. Dkt. 118. Defendants

10  opposed amendment, arguing that Denton's proposed complaint raises futile claims, and

11  that amendment would prejudice them because of the age of this case and their pending

12  summary judgment motion. Dkt. 120.

13    Judge Fricke issued an R&R recommending that the Court deny Denton's motion

14  to amend because amendment would be futile. Dkt. 148. Specifically, the R&R

15  concluded that it would be futile to allow Denton to add the State of Washington and the

16  Washington Department of Corrections ("DOC") as defendants both because the claims

17  against them would be barred by the Eleventh Amendment and because neither is a

18  "person" for purposes of 42 U.S.C. § 1983. *Id.* at 6–7. The R&R also concluded that

19  Denton's proposed amended complaint raised claims that accrued on or before September

20  11, 2019, and that those claims are barred by *res judicata* because they could have been

21  brought in Denton's prior lawsuit which this Court ultimately dismissed for failure to

22  exhaust. *Id.* at 7–8.

1    Denton objects, agreeing that Washington and the DOC are improper defendants

2    but arguing that his claims are not barred by *res judicata* because Defendants are

3    committing a continuous constitutional violation by holding him in solitary confinement.

4    Dkt. 149. Defendants argue that Judge Fricke's *res judicata* analysis was correct and that

5    amendment would therefore be futile.

## II.   DISCUSSION

### A.    Standard of Review

8    For dispositive matters, the district judge must determine de novo any part of the

9    magistrate judge's recommended disposition to which a party has objected. The district

10   judge may accept, reject, or modify the recommended disposition; receive further

11   evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P.

12   72(b)(3). For non-dispositive matters, however, the Court reviews a Magistrate Judge's

13   ruling for clear error. Fed R. Civ. P. 72(a).

14   Motions for leave to amend are generally considered non-dispositive. *See U.S.*

15   *Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 102 n.1 (9th Cir. 1985),

16   *superseded by statute on other grounds*, Fed. R. Civ. P. 72(a), *as recognized in Simpson*

17   *v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). Some courts in this circuit,

18   however, treat denials of motions for leave to amend as dispositive. *See, e.g.*, *Gossett v.*

19   *Stewart*, No. CV 08-2120-PHX-DGC (ECV), 2009 WL 3379018, at *2 (D. Ariz. Oct. 20,

20   2009) (treating a motion to amend as dispositive because "denial of the motion would

21   effectively dismiss four of [the plaintiff's] proposed causes of action"). *But see JJCO,*

22   *Inc. v. Isuzu Motors Am., Inc.*, No. 08-00419 SOM/LEK, 2009 WL 3818247, at *3 (D.

Haw. Nov. 12, 2009) (treating the plaintiff's motion to amend as non-dispositive and adopting the magistrate's recommended denial of that motion). Courts should "look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004).

Denial of Denton's motion to amend would foreclose multiple claims raised in his proposed amended complaint. Therefore, the Court treats his motion as dispositive and reviews objections to the R&R de novo.[3]

**B.    Leave to Amend**

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.,* 316 F.3d at 1052.

---

[3] This Court reviewed Magistrate Fricke's previous grant of leave to amend for clear error. Dkt. 115 at 4. There, Judge Fricke granted Denton leave to amend during a hearing. Dkts. 96, 97. The situation here differs because Judge Fricke recommends denying Denton leave to amend.

1     A proposed amendment is futile "if no set of facts can be proved under the

2     amendment to the pleadings that would constitute a valid and sufficient claim or

3     defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2

4     (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393

5     (9th Cir. 1997)). "Futility of amendment alone can justify denial of a motion to amend."

6     *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

7     As an initial matter, Denton's proposed amended complaint asserts § 1983 claims

8     against the State of Washington and the Washington Department of Corrections. Dkt.

9     119-1. The R&R concludes that the claims against these defendants are futile because

10    they are not "persons" under § 1983 and are therefore improper defendants. Dkt. 148 at 7.

11    Denton concedes that his claims against these two defendants are improper. Dkt. 149 at 3.

12    Denton's proposed § 1983 claims against Washington and the DOC are improper and

13    therefore would be futile.

14    The R&R also concludes that the claims in Denton's proposed second amended

15    complaint that accrued on or before September 11, 2019 are barred by *res judicata* based

16    on this Court's decision in *Denton v. Thrasher*, No. 18-5017 BHS-DWC (hereinafter

17    "*Thrasher*") because Denton could have brought those claims in *Thrasher*, and are

18    therefore futile. Dkt. 148 at 7. Denton objects, arguing that *res judicata* does not apply

19    because he does not raise any claims for incidents occurring prior to September 11, 2019,

20    and because his proposed amended complaint is grounded in ongoing constitutional

21    violations. Dkt. 149 at 5–6. Denton also argues that the claims he asserts in this case are

22    largely against different defendants than those named in *Thrasher*. *Id.* at 6. Defendants

1 argue that Denton's proposed amended complaint does not discuss any incidents that

2 occurred after September 2017, that Denton's proposed amended complaint names

3 substantially identical defendants as in *Thrasher*, and that Denton's legal theories in both

4 cases are largely the same. Dkt. 150 at 4–7.

5   Under *res judicata*, "a final judgment on the merits of an action precludes the

6 parties or their privies from re-litigating issues that were or could have been raised in that

7 action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* bars a

8 party from re-filing a case where three elements are met: (1) identity of claims; (2) final

9 judgment on the merits; and (3) identity or privity between parties. *Frank v. United*

10 *Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000). "A claim arising after the date of an

11 earlier judgment is not barred, even if it arises out of a continuing course of conduct that

12 provided the basis for the earlier claim." *Frank v. United Airlines, Inc.*, 216 F.3d 845

13 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed.

14 1122 (1955)).

15   The Court agrees with the R&R that, to the extent Denton asserts any specific

16 claims in this case against the same defendants named in *Thrasher* that arose prior to the

17 September 11, 2019 filing of the operative complaint in that case, such claims would be

18 barred by *res judicata*. Denton's main claim throughout, however, has been that the

19 State's practice of housing him in solitary confinement over an extended period of time

20 violates his constitutional rights. As Denton explains, to the extent this is a constitutional

21 violation, it is a repeated one that has yet to be resolved. The Court has never ruled, in

22 this case or in any of Denton's other cases, on whether Defendants' continued housing of

1   him in solitary confinement is a constitutional violation. All of the claims in *Thrasher*

2   were dismissed for other reasons; his final claims were dismissed because he failed to

3   exhaust his administrative remedies. *See* No. 18-5017 BHS-DWC, Dkt. 187.

4        Because Denton is alleging ongoing constitutional violations, the Court declines to

5   deny Denton's Motion to Amend on *res judicata* grounds. Therefore, the Court reviews

6   the remainder of Defendants' arguments for denying Denton's motion.

7        Defendants oppose amendment because they argue that Denton's proposed claims

8   are futile, that he has not justified his delay in amending his complaint, that the remaining

9   defendants will be prejudiced by amendment, and that his claims against new defendants

10  do not relate back to his original complaint. The Court addresses each argument in turn.

11       Defendants argue that Denton's retaliation claim would be futile because he did

12  not allege that Rainer or Thrasher took any adverse action against him and did not make

13  any attempt to link any such actions to protected conduct. Dkt. 120 at 4–5. The Court

14  disagrees. Denton alleges that Defendants have mistreated him by deliberately punishing

15  him, as described throughout the proposed complaint. Dkt. 119-1, ¶ 49. He also alleges

16  that they have punished him "because he has filed grievances and complaints and

17  initiated litigation." *Id.* Denton has alleged retaliation claims against Defendants since the

18  beginning of this lawsuit, *see* Dkt. 10, and Defendants have yet to succeed on a

19  dispositive motion as to these claims.[4]

20

21  _____

22      [4] Both pending dispositive motions seek dismissal of Denton's retaliation claims, however. *See* Dkt. 89 at 14; Dkt. 103 at 2–3.

1    Defendants also argue that Denton's proposed amended due process claims would

2    be futile because he failed to allege denial of adequate procedural protections. Dkt. 120 at

3    5. The Court again disagrees. Denton alleges in his proposed complaint that he has been

4    deprived of "any ability to obtain review of or release from [the] conditions of

5    confinement." Dkt. 119-1, ¶ 43. While not specifically stated in his original complaint, it

6    is clear that Denton intended to assert violations of his procedural due process rights from

7    the beginning of this case as well. *See, e.g.*, Dkt. 10 at 4 (alleging a violation of his

8    Fourteenth Amendment rights and asserting that Defendants told him there "is no need to

9    keep complaining about Plaintiff['s] rights being violated, because it's not going to

10    change anything").

11    Defendants argue that Denton's delay in amending his complaint is unjustified.

12    Dkt. 120 at 8–9. "Undue delay is delay that prejudices the nonmoving party or imposes

13    unwarranted burdens on the court." *Kische USA LLC v. Simsek*, No. 16-0168 JLR, 2017

14    WL 698790, at *4 (W.D. Wash. Feb. 22, 2017). "[D]elay is not a dispositive factor in the

15    amendment analysis." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980,

16    986 (9th Cir. 1999); *see also In re Tracht Gut, LLC*, 836 F.3d 1146, 1155 n.4 (9th Cir.

17    2016) ("[U]ndue delay alone cannot serve as the basis for the denial of leave to amend.").

18    While Defendants are correct that this case is old, the prejudice of amendment to

19    Defendants is minor. The Court is not allowing Denton to change his claims or case, but

20    rather is allowing Denton to clarify his claims to assist the Court and the parties.

21    Defendants' dispositive motions are largely still applicable to Denton's amended

22    complaint and his amended complaint should allow Defendants to proceed with more

1   clarity, whether this case ends on a dispositive motion or proceeds to trial. While the

2   Court concedes that there has been a delay in amendment, that delay is not dispositive,

3   the Court requested this amendment, any prejudice to Defendants is minor, and Denton's

4   amended complaint is helpful to all involved.

5         Defendants argue that the existing defendants would be prejudiced by amendment

6   because they have a pending summary judgment motion and Denton names only one of

7   them in his proposed amended complaint. Dkt. 120 at 9–10. Thus, Defendants would be

8   denied the opportunity to be dismissed with prejudice, which would allow them to seek

9   fees and costs. *Id.* While Denton did not follow the Court's instruction with regard to

10   naming defendants, he did limit his claims to those asserted in his original complaint.

11   *Compare* Dkt. 10 *with* Dkt. 119-1. His proposed amended complaint therefore benefits

12   both the Court and the parties by clarifying his claims and narrowing the scope of his

13   lawsuit from ten claims to three.

14         Further, the Court believes that any prejudice to existing Defendants can be

15   ameliorated by allowing Denton to amend, but keeping all existing Defendants in the case

16   and ordering Denton to either voluntarily dismiss those Defendants with prejudice or

17   allow the Court to rule on their pending dispositive motions. This solution allows the

18   Court to comply with the liberal leave to amend standard while limiting prejudice to the

19   existing Defendants.

20         In response to Denton's argument in his Motion for Leave to Amend that his

21   claims against the new Defendants relate back to his original complaint, Defendants aver

22   that Denton need not show that those claims relate back. Nevertheless, Defendants argue

that, to the extent the claims must relate back, he does not satisfy the "relation back" test under Fed. R. Civ. P. 15(c). But, as Defendants concede, Denton's claims against the new Defendants need not relate back. He is alleging ongoing violations of his constitutional rights, meaning there is not an issue with the applicable limitations period. Therefore, Denton need not meet the requirements of Fed. R. Civ. P. 15(c).

The Court grants Denton leave to amend his complaint with some restrictions. First, Denton cannot simply drop existing Defendants from the case unless it is with prejudice. Defendants have a summary judgment motion pending, Dkt. 89, and if that were to be granted, Defendants would likely be dismissed with prejudice. Denton must name all existing Defendants in his amended complaint and either agree to dismiss them *with prejudice* or allow the Court to rule on their pending summary judgment motion.

Second, Denton's new complaint shall not name the Washington State Department of Corrections or the State of Washington as defendants for the reasons explained above.

The Court, having considered the R&R, Plaintiff's objections, and the remaining record, does hereby ORDER as follows:

(1)    The Court **DECLINES** to adopt the R&R;

(2)    Plaintiff Michael Denton's Motion to Amend, Dkt. 118, is **GRANTED**;

(3)    Denton is **ORDERED** to amend his complaint following the guidelines in this Order;

(4)    Denton may file his amended complaint by **October 17, 2022**; and

(5)    This case is **RE-REFERRED** to Judge Fricke for further consideration.

//

1    Dated this 27th day of September, 2022.

2

3

4    BENJAMIN H. SETTLE
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 13