UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>               Plaintiff,<br><br>   v.<br><br>KARIE RAINER, et al.,<br><br>               Defendants. | CASE NO. C19-5743 BHS<br><br>ORDER |

This matter comes before the Court on Plaintiff Michael Denton's Motion for Preliminary Injunction, Dkt. 163, Defendant Karie Rainer's Motion to Exclude Expert Testimony, Dkt. 166, and Defendants Kevin Bowen, Sean Murphy, Michael Obenland, Karie Rainer, Cheryl Strange, and Timothy Thrasher's Motion to Seal,[1] Dkt. 170.

This case has a complex factual and procedural history that was detailed most recently in the Court's Order Rejecting Report and Recommendation, Dkt. 78. It need not be repeated here other than to state that Denton filed his second amended complaint on October 11, 2022. Dkt. 155. The Court has yet to substantively rule on any dispositive

---

[1] This motion is unopposed and GRANTED. Defendants may file Exhibits 2 and 6 of Feulner's Declaration under seal.

ORDER - 1

motions in this case and the dispositive motions deadline is currently set for March 10, 2023—about one month before trial. Dkt. 157.

## I.  DISCUSSION

**A.  Motion for Preliminary Injunction**

In November, Denton filed his third motion for preliminary injunction. Dkt. 163. He moves the Court (1) to order Defendants to immediately release him from solitary confinement; (2) to prevent Defendants from housing him, or any other inmate, in solitary confinement for more than fourteen consecutive days; and (3) to immediately provide him with necessary mental and behavioral health treatment. *Id.* at 25. Defendants argue[2] that Denton's factual testimony is inaccurate and unreliable, that granting this type of "mandatory injunction"—one that does not simply preserve the status quo—would violate Defendants' right to trial, that Denton has failed to meet the standard for a preliminary injunction, and that the requested injunction is too broad and does not conform with the relief Denton seeks in his complaint. Dkt. 167.

The Court concludes that Denton's motion cannot be decided on the briefing alone and that an evidentiary hearing is necessary. Therefore, the Court will hold a two-day evidentiary hearing on Denton's preliminary injunction motion on Wednesday, February

---

[2] Defendants (other than Rainer) also argue that the Court lacks personal jurisdiction over them because they have not been properly served. Dkt. 167 at 10–11. Denton responds that his "understanding" is that Defendants have been served. It is unclear to the Court where the disagreement stems from, but the parties should resolve this issue on their own, without judicial intervention. The Rule 4(m) period for service expires on Monday, January 9, 2023. The Court will extend that deadline for an additional thirty days—to Wednesday, February 8, 2023. Denton is directed to properly serve the remaining Defendants or to reach an agreement with counsel regarding a waiver.

ORDER - 2

8, 2023, and Thursday, February 9, 2023. Denton's motion, Dkt. 163, shall be RENOTED to the Court's February 9, 2023 calendar.

**B.    Motion to Exclude**

Rainer moves to exclude the expert report of Dr. Anthony Eusanio. Dkt. 166. She argues that his testimony does not meet the standards for expert testimony under Federal Rule of Evidence 702 because he is deceased and therefore will not be available for trial. *Id.* at 2–5. She also argues that Eusanio's report does not and cannot comply with Federal Rule of Civil Procedure 26(a)(2)(B) because the report is unsigned. *Id.* at 5.

Denton argues that Rainer's motion is improper as a *Daubert* motion because he is not offering Eusanio as a witness. Dkt. 175 at 1. He argues that it should instead have been brought in a motion in limine, because the real question before the Court is the "to what degree and for what purpose can Dr. Eusanio's report be used at trial." *Id.* Denton argues that Eusanio's report is relevant to demonstrate that Defendants were on notice that he was being harmed by being placed in solitary confinement. *Id.* at 2. He also argues that Eusanio's qualifications and the authenticity of the report have never been questioned and that the Department of Correction's own mental health professionals have relied on the report. *Id.* Finally, he argues that his retained expert witness, Dr. Terry Kupers, references Eusanio's report extensively, which is permissible in the mental health discipline. *Id.*

The Court agrees that, if Denton is not offering Eusanio as a witness, Rainer's motion is moot. FRE 702 and FRCP 26(a)(2)(B) apply only to witnesses. To the extent Defendants would like to exclude or limit Denton's use of Eusanio's report at trial, they

should do so in a motion in limine. Rainer's motion to exclude, Dkt. 166, is therefore **DENIED**.

## II.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Karie Rainer's Motion to Exclude Expert Testimony, Dkt. 166, is **DENIED**, and Defendants Kevin Bowen, Sean Murphy, Michael Obenland, Karie Rainer, Cheryl Strange, and Timothy Thrasher's Motion to Seal, Dkt. 170, is **GRANTED**. Plaintiff Michael Denton's Motion for Preliminary Injunction, Dkt. 163, is **RENOTED** to the Court's **February 9, 2023** calendar, and an evidentiary hearing on that motion is set for **February 8 and 9, 2023, at 9:00 AM**. The parties are **ORDERED** to file a Writ for Transfer of Plaintiff so Denton may appear at the hearing live.

Dated this 6th day of January, 2023.

BENJAMIN H. SETTLE
United States District Judge