UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

          Plaintiff,

   v.

KARIE RAINER, et al.,

          Defendants.

CASE NO. C19-5743 BHS

ORDER

This matter comes before the Court on the parties' cross motions to allow witnesses to testify via Zoom at the upcoming hearing on Plaintiff Michael Denton's motion for a preliminary injunction. Dkts. 183, 185.

Denton asks the Court to allow four inmates—two housed at Monroe Correctional Center and two housed at Washington State Penitentiary—to testify via Zoom. Dkt. 183. He also requests that his expert witness, "David Terry,"[1] who lives and works in Oakland, California, be permitted to testify via Zoom. *Id.*

---

[1] Defendants point out that Denton has never disclosed an expert named David Terry but that he has repeatedly cited to an expert named Terry Kupers. Dkt. 185 at 2 n.2. The Court assumes Denton's motion is referring to Dr. Terry Kupers.

ORDER - 1

1    Defendants do not object to Denton's expert witness testifying via Zoom, however
2    they object to the incarcerated witnesses testifying at all, arguing that the relevance of
3    their testimony is unclear. Dkt. 185. They additionally ask that an unspecified number of
4    their own witnesses be permitted to testify via Zoom. *Id.* They argue that some of their
5    witnesses are in Walla Walla and that some have "time constraints that make appearing
6    remotely more feasible." *Id.* at 5. Denton apparently does not oppose that request. *Id.*
7    Despite Defendants' contention that "[t]he Court is well equipped to permit
8    witnesses to testify in an evidentiary hearing via zoom," hybrid hearings are a great
9    administrative burden on the Court, and they pose a threat of technical difficulties
10   imposing significant delays. The burden is due in part to the fact that Court staff must
11   reconfigure the courtroom and its technology when switching between Zoom and live
12   witnesses. Nevertheless, the Court understands that it is also burdensome for certain
13   witnesses to appear in person.
14   Therefore, the Court orders the parties to appear via **telephone conference** on
15   **Thursday, February 2, 2023 at 11:00 AM**. The parties should be prepared to discuss (1)
16   the relevance and significance of the incarcerated individuals' testimony and whether that
17   testimony may be cumulative; (2) how many witnesses the parties are seeking to have
18   testify via Zoom and the estimated length of those individuals' testimony; and (3)
19   whether the parties would be able to group the Zoom witnesses' testimony to minimize
20   technological setup time.
21   The parties are also ordered to submit a **JOINT PRE-HEARING REPORT** by
22   **Tuesday, January 31, 2023 at 12:00 PM** containing witness and exhibit lists, including

which witnesses are expected to testify via Zoom. Denton must also provide a summary of the testimony that he expects will be provided through the four incarcerated individuals. The Court **RESERVES RULING** on the cross motions, Dkts. 183, 185.

In the meantime, the Court will communicate with DOC to secure the incarcerated individuals' availability during the days in question.

IT IS SO ORDERED.

Dated this 27th day of January, 2023.

BENJAMIN H. SETTLE
United States District Judge